UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:18-CR-0482-B-3 |
| | § | |
| ROBERT PRUDY YORK, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Robert Prudy York's Motion for Compassionate Release (Doc. 281). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

On November 25, 2019, York was sentenced to seventy-one months of imprisonment and three years of supervised release after pleading guilty to possession of a controlled substance with intent to distribute it. Doc. 222, J., 1–3. York is currently thirty-four years old and is confined at Big Spring Federal Correctional Institution (FCI) with a statutory release date of October 5, 2023.[1] As of November 20, 2020, Big Spring FCI has fourteen active cases of COVID-19 among its inmates and six among its staff, as well as 705 recovered cases.[2] York asserts that he tested positive for COVID-19 on October 2, 2020. Doc. 281, Def.'s Mot., 2.

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/.

[2] The BOP's COVID-19 statistics are available at https://www.bop.gov/coronavirus/.

-1-

Roughly one month later, York filed a motion for compassionate release (Doc. 281) with this Court. In his motion, York asks the Court to grant him compassionate release based on his contraction of COVID-19 and Big Spring FCI's inability to curtail the spread of the virus. *See id.* at 2–4. The Court addresses York's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

As explained below, York's request for compassionate release fails because he has not satisfied the exhaustion requirement or shown extraordinary and compelling circumstances warranting release.

A.   *York Has Not Satisfied § 3582's Exhaustion Requirement.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring

-2-

a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

York has not complied with this requirement. Indeed, York does not mention any request to the warden, nor does he attach proof of such a request. *See generally* Doc. 281, Def.'s Mot. Thus, his compassionate-release motion fails. *See United States v. Franco*, —F.3d—, 2020 WL 5249369, at *2–3 (5th Cir. 2020) (concluding that the exhaustion requirement is mandatory and that defendants seeking compassionate release "must first file a request with the BOP"). Accordingly, the Court **DENIES** York's motion **WITHOUT PREJUDICE**.

B.   *Irrespective of Exhaustion, York Has Not Shown Extraordinary and Compelling Reasons for Release.*

York has not shown "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A)(i). The policy statement applicable here—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, —F. Supp. 3d—, 2020 WL 1540325, at *1 (S.D. Tex. 2020) (citing § 1B1.13(1)(A) cmt. n.1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) cmt. n.1.[4]

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that

---

[3] The Court recently clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concludes that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. n.1(D). Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

§ 1B1.13 is not binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019).[5] These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11).

The Court does the same here. York requests compassionate release on two related grounds: his confinement at a facility that cannot control the spread of COVID-19 and his contraction of COVID-19. *See* Doc. 281, Def.'s Mot., 2–4.

As a preliminary matter, York's generalized concerns about the spread of the COVID-19 virus within his facility do not constitute extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements . . . ." *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020). Further, York explains that inmates who test positive for COVID-19 at his facility remain completely isolated from the remaining population and are subject to periodic testing of their temperatures and blood oxygen levels. *See* Doc. 281, Def.'s Mot., 2–3. Under these circumstances, York's confinement at Big Spring FCI does not constitute an extraordinary reason for release.

Turning to York's individual circumstances, he explains that he tested positive for COVID-19 in October 2020 and remains isolated with other inmates who have tested positive for the virus. *Id.*

---

[5] Additionally, the Fifth Circuit recently noted that the commentary of § 1B1.13 is "not dispositive . . . ." *United States v. Rivas*, —F. App'x—, 2020 WL 6437288, at *2 (5th Cir. 2020) (per curiam).

at 2. Notably, however, York does not allege that he is in poor health. Indeed, he makes no mention of his present symptoms or any underlying conditions that would make him susceptible to a severe case of COVID-19. *See generally id.* Instead, York bases his request solely on his allegations that he has tested positive for COVID-19 and is surrounded by others with COVID-19. *See id.* at 4. Contrary to York's assertion, these circumstances do not deem him at risk, and they do not rise to the level of extraordinary and compelling. York's failure to demonstrate extraordinary and compelling reasons for release constitutes another basis for denying his motion.

## IV.

## CONCLUSION

For the foregoing reasons, York's compassionate-release motion (Doc. 281) is **DENIED WITHOUT PREJUDICE**. By denying York's motion without prejudice, the Court permits York to file a subsequent motion for compassionate release upon satisfaction of the exhaustion requirement and a change in circumstances rising to the level of extraordinary and compelling. Further, the Court notes that before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. Because York has not satisfied the exhaustion requirement or shown extraordinary and compelling reasons for release, the Court need not conduct that analysis today.

SO ORDERED.

SIGNED: November 23, 2020.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE